# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>LARRY JOE KENNEDY and ERICA ELISOFF,<br><br>        Defendants. | Case No. 3:23-cr-00006-SLG-KFR |

## ORDER RE REPORT AND RECOMMENDATION

Before the Court at Docket 98 is Defendant Kennedy's Motion to Suppress. Plaintiff responded in opposition at Docket 101 to which Defendant replied at Docket 104. Also before the Court at Docket 105 is Defendant Elisoff's Notice that Defendant Joins Co-Defendant's Motion to Suppress ("Motion for Joinder"). No response was filed to that motion by the Government. These motions were referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 115, Judge Reardon issued his Report and Recommendation, in which he recommended that Defendant Kennedy's Motion to Suppress be denied and that Defendant Elisoff's Motion for Joinder be granted in part and denied in part. Defendant Kennedy filed objections to the Report and Recommendation at Docket 117; Defendant Elisoff did not file any objections and the Government did not file any response to Mr. Kennedy's objections.

These matters are now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

The Court has reviewed the parties' filings and the Report and Recommendation. On *de novo* review, the Court responds to Mr. Kennedy's objections as follows:

Mr. Kennedy objects to the Magistrate Judge's conclusion that the affidavits in support of the issued warrants established probable cause.[4] Specifically, Mr. Kennedy asserts that the information in the affidavits was stale.[5] But the Court agrees with the Magistrate Judge that the sum of the information in the affidavits showed the probable existence of evidence of drug trafficking at the locations to

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise.").

[4] Docket 117 at 1–4.

[5] *See* Docket 117 at 2–4 ("Mr. Kennedy respectfully maintains that the completed sales many months in the past did not furnish the current probable cause that was required in May 2022.").

Case No. 3:23-cr-00006-SLG-KFR, *USA v. Kennedy, et al.*
Order re Report and Recommendation
Page 2 of 4
Case 3:23-cr-00006-SLG-KFR   Document 129   Filed 10/15/24   Page 2 of 4

be searched when the search was conducted. "Information underlying a warrant is not stale 'if there is sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to be seized are still on the premises.'"[6] The Ninth Circuit has held that "in cases involving ongoing narcotics businesses, lapses of several months—and up to two years in certain circumstances—are not sufficient to render the information in an affidavit too stale to support probable cause."[7] Here, the information in the affidavits provided ample reason to believe that Defendants were engaged in an ongoing business of cocaine distribution and established probable cause for the search warrants at the time of their issuance.[8]

Mr. Kennedy also objects to Magistrate Judge's alternative conclusion that, absent probable cause, the good faith exception to the exclusionary rule would apply. The Court again agrees with the Magistrate Judge that no circumstances here suggest that "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization."[9] As the Court's conclusion regarding probable cause demonstrates, the affidavits present—at the

---

[6] *United States v. Schesso*, 730 F.3d 1040, 1047 (9th Cir. 2013) (quoting *United States v. Lacy*, 119 F.3d 742, 745–46 (9th Cir. 1997)).

[7] *United States v. Fernandez*, 388 F.3d 1199, 1254 (9th Cir. 2004) (collecting cases), *modified*, 425 F.3d 1248 (9th Cir. 2005).

[8] *See* Docket 98-1 at 19–24, ¶ 25–31.

[9] *United States v. King*, 985 F.3d 702, 710 (9th Cir. 2021) (quoting *United States v. Leon*, 468 U.S. 897, 922 n.23 (1984)).

Case No. 3:23-cr-00006-SLG-KFR, *USA v. Kennedy, et al.*
Order re Report and Recommendation
Page 3 of 4
Case 3:23-cr-00006-SLG-KFR   Document 129   Filed 10/15/24   Page 3 of 4

very least—a "colorable argument for probable cause."[10] Thus, the good faith exception would apply.

For the foregoing reasons, on *de novo* review, Mr. Kennedy's objections to the Magistrate Judge's report are overruled. The Court has reviewed the balance of the Report and Recommendation and agrees with its analysis. Accordingly, the Court adopts the Report and Recommendation, and IT IS ORDERED that Defendant Elisoff's Motion for Joinder at Docket 105 is GRANTED in part and DENIED in part, and Defendant Kennedy's Motion to Suppress at Docket 98 is DENIED.

DATED this 14th day of October 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[10] *See United States v. Underwood*, 725 F.3d 1076, 1085 (9th Cir. 2013) (internal citation omitted).

Case No. 3:23-cr-00006-SLG-KFR, *USA v. Kennedy, et al.*
Order re Report and Recommendation
Page 4 of 4
Case 3:23-cr-00006-SLG-KFR   Document 129   Filed 10/15/24   Page 4 of 4